WHITE et al. v. KANE.

No. 33615. Feb. 14, 1950.

*214 P. 2d 922.*

Carver & Cook, of Wewoka, for plaintiffs in error Jack R. White and Frances L. White.

Geo. C. Crump, of Wewoka, for plaintiff in error Marguerite J. White.

Bill Biggers, of Wewoka, for defendant in error.

WELCH, J. There was judgment dissolving partnership and decreeing accounting and plaintiff filed motion for new trial. Thereafter, on proper application and after hearing, the receiver of property of the partnership was directed to sell at public sale certain described property of the partnership. The sale was made and after notice and hearing the sale was confirmed. Several months later the plaintiff filed motion to vacate the receiver's sale.

Thereafter, and on the same day, the action for new trial was overruled and the motion to vacate the receiver's sale was denied, and plaintiff prosecutes this appeal.

Since appeal is not accompanied by a complete case-made, it is apparent that the original judgment is only attacked insofar as is necessary to present the attack on the receiver's sale and the refusal of the court to vacate the receiver's sale on plaintiffs' motion for such relief. And we understand from brief and oral argument that such is the desire and purpose of plaintiff as plaintiff in error.

It is urged that the receiver's sale is void for lack of power to authorize and conduct and confirm such sale while motion for new trial was pending.

On this point we observe that plaintiff was present and participated in the hearing and trial on the application for the receiver's sale. Plaintiff filed pleadings objecting to the sale. There is some indication that during the hearing in open court, plaintiff may have acquiesced in the ordering of the sale, but we do not rest any conclusion thereon. At any rate, plaintiff noted no objections or exceptions to the order of sale when it was made, and took no further steps to prevent the sale. Plaintiff was present and made repeated unsuccessful bids at the public sale. There was evidence that at the close of the auction sale by the receiver, plaintiff stated he was satisfied therewith, but we attach no controlling importance to that, since plaintiff made no objections to confirmation of the sale or to the conveyance to the purchaser on payment of the sums bid.

Some months thereafter the purchaser at receiver's sale obtained some oil production from land bought at the sale, and thereafter, two days short of six months from confirmation of receiver's sale, the plaintiff filed motion to vacate the sale by the receiver.

Plaintiff contends the court was without power or authority to authorize, conduct and confirm the receiver's sale while motion for new trial was pending, and that the sale was therefore void. But plaintiff presents no authority in point sustaining that contention. There was no objection made to the order of sale on that ground, and, as we have pointed out, no objection to confirmation of sale on this or any other ground. There was some unusual lapse of time between the date of judgment and the passing upon the motion for new trial. It is shown that some time was consumed after date of judgment in preparing detailed journal entry of judgment, and that at least some postponement of hearing on motion for new trial was by agreement. On the whole, the unusual lapse of time is not fully accounted for or explained, but that is not of controlling importance on the question of the court's power or jurisdiction as to the receiver's sale.

Plaintiff cites authority for the view that pending motion for new trial the court is not authorized to fully enforce the judgment, or enforce it by execution, or to permit execution sale in conformity with the judgment. But we deem such authorities not exactly in point and do not review them.

A different situation is presented when the court through a receiver has custody of property in litigation. In such situation many instances are well known where the court would have jurisdiction to authorize a receiver's sale even before judgment, or during a long period of pendency of motion for new

trial upon proper application, and after hearing the parties.

We conclude plaintiff's general contention that the receiver's sale is void, is not sustainable.

The plaintiff further contends that the sale is void as to a particular ten acres of land. As to that ten acres the court held it was partnership property in the original judgment, and that conclusion is not presented for review. By way of accounting between the partners, the original judgment decreed a lien on this ten acres in favor of plaintiff for a stated sum and to that extent restricted defendant's right to have this ten acres sold for his benefit at execution sale.

Conceding that this situation would prevent an execution sale of this ten acres for defendant's benefit, it would not necessarily deprive the court of jurisdiction to sell same at receiver's sale with return of proceeds to the court for proper distribution between the parties. It would seem clear the court could fully protect plaintiff in his specific rights as to this ten acres, in distributing the proceeds of the receiver's sale. At least there is no showing it could not be so. The order confirming the sale directed the holding of the proceeds for proper distribution by the court.

We conclude the plaintiff has failed to show the receiver's sale void as to the particular ten acres of land involved.

As indicated above, there is evidence in the record that plaintiff acquiesced in the order of sale, the sale itself, and the confirmation thereof, but we rest our conclusion on the failure of plaintiff to sustain his contention that the sale was void for lack of authority and jurisdiction in the court.

Affirmed.